Michael Charles Benson, AK Bar No. 1311070
Assistant Federal Public Defender
Email: Michael_Benson@fd.org
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cr-00490-IM-1 |
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| JAVIER LEOPOLDO SANCHEZ-CAMACHO, | |
| Defendant. | |

Javier Leopoldo Sanchez-Camacho, will appear before this Court on June 18, 2026, for sentencing upon his plea of guilty to Count One of Possession with Intent to Distribute Heroin, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i). The PSR and the government calculate a final adjusted offense level of 23. Mr. Sánchez-Camacho believes the final offense level is 21 including the courier reduction in USSG § 2D1.1(e)(2)(B)(i). Including the agreed upon variance, Mr. Sánchez-Camacho's guideline sentencing range is between thirty and thirty-seven months. Mr. Sanchez-Camacho respectfully requests that the Court sentence him to thirty months of incarceration.

Page 1     DEFENDANT'S SENTENCING MEMORANDUM

## APPLICABLE LAW

Federal sentencing is premised on the "parsimony principle" articulated in 18 U.S.C. § 3553(a). *Dean v. United States*, 137 S.Ct. 1170, 1175 (2017). That principle dictates that a sentence be "sufficient, but not greater than necessary," to comply with the following purposes of sentencing:

- To reflect the seriousness of the offense;

- To afford adequate deterrence to criminal conduct;

- To protect the public from further crimes of the defendant; and

- To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In arriving at a sentence that is sufficient but not greater than necessary, § 3553(a) also requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

Under USSG § 2D1.1(e)(2)(B)(i) a four-level minimal participant reduction is generally warranted for certain roles in a drug trafficking organization including the role of "a courier."[1] A courier reduction is appropriate for an individual whose primary job was as a courier regardless of the quantity of drugs they carry. *See United States v. Maciel*, 789 F.Supp.3d 934, 937-38 (S.D.

---

[1] This section is reproduced in Mr. Sánchez-Camacho's publicly filed sentencing memorandum. It is included here in the hope that having all of Mr. Sánchez-Camacho's arguments available in one document will be convenient for the Court.

Page 2    DEFENDANT'S SENTENCING MEMORANDUM

Cal. 2025) (holding that a person whose job is to transport drugs is a courier "regardless of the amount of drugs they are transporting[.]").  Couriers frequently possess large quantities of drugs for the simple financial reason that it is more economical to send (and pay) a smaller number of couriers with larger quantities of drugs. *See, e.g., Maciel*, 789 F.Supp.3d at 935 (considering more than 31 kilograms of fentanyl and more than10 kilograms of methamphetamine). Merriam Webster's Dictionary defines a courier as "a runner of contraband"[2] and the Cambridge Dictionary defines it as "a person" who "takes messages, letters, or packages from one place to another."[3]

Mr. Sánchez-Camacho worked as a courier in this case. The evidence overwhelmingly indicates that Mr. Sánchez-Camacho's job was to take drugs from California to Oregon. Mr. Sánchez-Camacho was carrying drugs on a bus from California to Oregon, a route frequently used to transport drugs. Mr. Sánchez-Camacho did not have any of the tools necessary to resell the drugs, or protect the drugs, and had no apparent proceeds from the drugs with him. Once in Portland he had no vehicle, home base to go to, or even accomplice at the bus station. He was carrying only drugs and clothing for a short stay. When intercepted Mr. Sánchez-Camacho was cooperative and informed the person who he was serving as a courier for that he was being arrested.

The evidence on Mr. Sánchez-Camacho's personal T-Mobile phone does not undercut this. The issue before the Court is what role Mr. Sánchez-Camacho played with respect to the relevant conduct in this case. Effectively, these messages indicated that Mr. Sánchez-Camacho may have been involved in selling much smaller quantities cocaine, which he has been a lifetime user of months prior to the offense in this case. Nobody would argue that if Mr. Sánchez-Camacho had a single prior conviction for a street level sale of cocaine, he could not have been a courier in this case. These messages are not relevant to determining whether her acted as a courier in this case.

---

[2] Available online at https://www.merriam-webster.com/dictionary/courier.
[3] Available online at https://dictionary.cambridge.org/us/dictionary/english/courier.

Page 3    DEFENDANT'S SENTENCING MEMORANDUM

The evidence on the DTO's phone, also known as the Verizon phone, corroborates Mr. Sánchez-Camacho's role as a courier. Mr. Sánchez-Camacho relayed the price of drugs as if someone also, presumably "Nardo," was setting it. It also indicates that he brought a much smaller quantity of drugs to the same purchaser as this case—likely as a sample of the final shipment. Furthermore, it shows that Mr. Sánchez-Camacho worked as a courier for an individual named "Nardo." In fact, investigators had independently confirmed that "Nardo" would be sending a courier. PSR ¶ 15a. While the evidence does suggest that that this may not have been Mr. Sánchez-Camacho's "first" job working as a courier for "Nardo," that does not mean he did not perform the work of a courier in this case. Because his job was to transport drugs in this case, he should receive the four-level reduction for couriers in USSG § 2D1.1(e)(2)(B)(i).

Dated: June 15, 2026.

/s/ Michael Charles Benson
Michael Charles Benson, AK Bar No. 1311070

Page 4    DEFENDANT'S SENTENCING MEMORANDUM